In the Matter of the Arbitration between WILLIAM J. HATFIELD, Appellant, and FRANK MILLER LUMBER Co., Respondent, now the Subject of an Action Entitled: " County Court — Westchester County. THE FRANK MILLER LUMBER Co. (a corporation organized under the laws of the State of Connecticut), plaintiff, v. WILLIAM J. HATFIELD, doing business as HATFIELD BROS., defendant."— Action to recover for goods sold and delivered. Order denying appellant's motion for arbitration of respondent's claim alleged in its complaint, and for a stay of all proceedings until arbitration shall have been had, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Adel, Aldrich and Nolan, JJ., concur.

In the Matter of the Estate of ELIES KAPLAN, Deceased. JOSEPH KAPLAN et al., as Executors of ELIES KAPLAN, Deceased, et al., Respondents; FREDA KAPLAN, Appellant.— Decree of the Kings County Surrogate's Court determining that a notice of election filed by the appellant, as the surviving spouse of Elies Kaplan, deceased, is of no effect, she having waived her right of election by executing an antenuptial agreement, and orders, insofar as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ. [See *post,* p. 1024.]

In the Matter of JOSEPH NEMEROV, Appellant, against TOWN BOARD OF THE TOWN OF HEMPSTEAD et al., Respondents.— In a proceeding to review a decision of the Town Board of the Town of Hempstead fixing the boundaries of the Lido Beach Park District, the petitioner appeals from an order denying his petition and dismissing the proceeding. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ. [See *post,* p. 1024.]

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance, for an Order to Take Possession of the Property of and Rehabilitate the Bond and Mortgage Guarantee Company. IN THE MATTER OF A PLAN OF READJUSTMENT OF THE RIGHTS OF THE HOLDERS OF INVESTMENTS in a Mortgage Covering Premises 25 West Broadway, Long Beach, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY. (Guarantee No. 181,464.) In the Matter of the Accounting of BROOKLYN TRUST COMPANY, as Trustee under a Declaration of Trust dated July 17, 1935.— BROOKLYN TRUST COMPANY, Individually and as Trustee under a Declaration of Trust dated July 17, 1935, Appellant; FRANK STRIANESE et al., Respondents.— Order approving trustee's account for the period July 17, 1938, to July 17, 1939, except that rental commissions paid to a managing agent to the extent of $3,472.78 are disallowed, and surcharging the trustee with said sum, insofar as appealed from, affirmed, with $50 costs and disbursements to respondent Strianese, payable out of the trust estate. The declaration of trust, after making provision for compensation to the trustee of 5% of the gross rents, in addition to one twelfth of the income distributed to certificate holders, expressly prohibited the inclusion, as a deductible expense of operation of the trust property, of any " Payment to a managing agent  *  *  *." Moreover, the trustee failed to adduce proof as to the apartments that were allegedly leased through the efforts of the managing agent. Special Term, therefore, correctly held that the record lacked evidence to show that the agent performed services outside of management that would entitle it to commissions as a broker. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.